**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2836
_____

DAMEON KIRK ALLEN,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A210-096-664)
Immigration Judge: William McDermott

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: August 6, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Dameon Kirk Allen petitions for review of a final order of removal issued by the

Board of Immigration Appeals (BIA).  We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Allen is a lawful permanent resident who has been in the United States since October 2009. In February 2020, he was convicted of attempting to induce a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). As a result of this conviction, the Department of Homeland Security (DHS) charged him with removability for having been convicted of (1) the aggravated felony of attempt to commit "sexual abuse of a minor," 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(U) and (A); and (2) "a crime of child abuse," *id.* § 1227(a)(2)(E)(i). The proceedings were administratively closed in 2022, but, in 2024, DHS successfully moved to recalendar the matter. DHS also successfully moved to change venue from the Immigration Court in Baltimore, Maryland, to the Immigration Court in Philadelphia, Pennsylvania. Following a hearing, the Immigration Judge (IJ) sustained the removal charges and ordered Allen removed to his country of citizenship, Jamaica.

Allen appealed to the BIA and attempted to file a pro se brief, but the BIA rejected it as untimely. Allen then filed a motion to remand, arguing that the IJ had violated his due process rights by (1) granting DHS's motion to change venue; (2) failing to conduct a competency evaluation; and (3) denying his motion for a continuance. He also argued that his conviction under 18 U.S.C. § 2422(b) is neither the aggravated felony of "sexual abuse of a minor" nor "a crime of child abuse." The BIA rejected Allen's due process claims, affirmed the IJ's decision to sustain the removal charges, denied the motion to remand, and dismissed the appeal.

2

Allen timely filed a petition for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). While we generally lack jurisdiction to review an order to remove an alien who has committed an aggravated felony, we retain jurisdiction to hear constitutional claims and questions of law. *See Papageorgiou v. Gonzales,* 413 F.3d 356, 358 (3d Cir. 2005). We review those claims de novo. *See De Leon–Reynoso v. Ashcroft,* 293 F.3d 633, 635 (3d Cir. 2002).

## III.

## A.

Allen first argues that the BIA abused its discretion by refusing to accept his untimely brief; according to Allen, the Board should have deemed his brief timely under the prison mailbox rule. But the Board does not follow that rule. *See* BIA Practice Manual 2.1(a)(1) ("For appeals and motions that must be filed with the Board, the appeal or motion is not deemed 'filed' until it is *received* at the Board."). Moreover, the BIA has discretion to decide whether to consider an untimely brief. *See* 8 C.F.R. § 1003.3(c)(1). We discern no abuse of discretion here.

Allen also argues that the BIA's refusal to consider the arguments he raised in his untimely brief amounts to a due process violation. The record reflects, however, that, despite the Board's rejection of the untimely brief, it nonetheless considered and addressed the many arguments that Allen raised in his Notice of Appeal, Motion to Remand, and Motion to Terminate. Therefore, Allen was not prejudiced by the BIA's

3

refusal to accept his brief. *See Delgado-Sobalvarro v. Att'y Gen.*, 625 F.3d 782, 787 (3d Cir. 2010). To the extent that Allen complains that his brief included an additional argument that he "was deprived of his right to fair notice due to a variance between the charges in the Form I-213 and the charges in the Notice to Appear," *id.*, this argument would have failed. Form I-213, which sets forth a noncitizen's immigration and personal history, is not the official charging document; the Notice to Appear is.[1]

### B.

Allen next argues that the Philadelphia Immigration Court never had jurisdiction over his case. This argument is based on the following. DHS filed Allen's Notice to Appear in the Immigration Court in Baltimore, which had administrative control over cases involving non-citizens incarcerated at FCI-Allenwood. Shortly thereafter, administrative control over all cases arising from FCI-Allenwood was given to the Philadelphia Immigration Court. Apparently for this reason, when DHS moved to re-calendar the proceedings, it filed its motion with the Philadelphia Immigration Court and asked the IJ to schedule Allen's case on its docket. The IJ construed that request as a motion to change venue under 8 C.F.R. § 1003.20(b) and granted it. According to Allen, however, the Philadelphia Immigration Court lacked jurisdiction to do so. Moreover, he argues, since Baltimore was the proper venue for his case, Fourth Circuit law should have applied to his case.

---

[1] Allen also asserts that he included in his brief a claim that the IJ "lacked the authority to change venue without proper motion." Br. 9, ECF No. 15. We address this claim below.

Allen does not, however, cite any authority for the proposition that the Philadelphia Immigration Court lacked jurisdiction to grant motions or otherwise decide the case.  A court's authority to act depends on whether it has *jurisdiction*, which is separate from the issue of venue.  *See, e.g., Castillo v. Att'y Gen.*, 109 F.4th 127, 131 n.5 (3d Cir. 2024) ("[W]e have jurisdiction to review final orders of removal, regardless of whether venue lies here.").  Thus, contrary to Allen's assertion, the IJ had the authority to grant the government's motion.

Moreover, to the extent that Allen argues that the IJ in Philadelphia lacked the authority under the applicable regulations to change venue, and committed a due process violation by doing so, he has not shown how he was prejudiced.  While he asserts that the BIA should have applied Fourth Circuit—not Third Circuit—law to his case, the outcome of the proceedings would not have been different in the Fourth Circuit because, as discussed below, Allen's statute of conviction constitutes "sexual abuse of a minor" in both jurisdictions.  *See Hsieh v. Bondi*, 139 F.4th 337, 341 (4th Cir. 2025).

C.

Allen next argues that the IJ violated his due process rights by failing to order a competency evaluation and apply the safeguards required by *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011).  A petitioner is presumed competent, however, and "[o]nly if [he] presents indicia of incompetency and the IJ determines that the individual lacks sufficient competency is a duty triggered to impose safeguards on the proceedings." *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 486 (3d Cir. 2022) (citing *In re M-A-*

5

*M-*, 25 I. & N. Dec. at 481–83)). Although Allen contends that he "made unclear and contradictory admissions, and displayed behavior suggesting confusion or cognitive impairment," Br. 14–15, we have reviewed the record and disagree. As the BIA found, the hearing transcript reflects that Allen generally understood the nature of the proceedings and was able to adequately represent himself. Moreover, he told the IJ that he did not have any mental health issues. Thus, we see no error in the Board's determination that the IJ had no duty to impose safeguards.

C.

Allen also challenges his removability, arguing that his statute of conviction, 18 U.S.C. § 2422(b), does not categorically involve conduct that constitutes "sexual abuse of a minor" under § 1101(a)(43)(A). To answer this question, we employ the "categorical approach," which requires a two-step analysis. "[F]irst, we must ascertain the definition for sexual abuse of a minor, and second, we must compare this 'federal' definition to the . . . statutory offense in question." *Restrepo v. Att'y Gen.*, 617 F.3d 787, 791 (3d Cir. 2010). If the type of conduct that meets the federal definition of "sexual abuse of a minor" would meet the elements of a conviction under § 2422(b), then Allen's conviction qualifies as a conviction for "sexual abuse of a minor."

"[I]n our Circuit and for purposes of applying the categorical approach in the context of an immigration case, an analysis of the generic crime of "sexual abuse of a minor" depends upon 18 U.S.C. § 3509(a)(8) for guidance." *Cabeda v. Att'y Gen.*, 971 F.3d 165, 169 (3d Cir. 2020). Section 3509(a)(8) defines "sexual abuse" to include "the

employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct." *Id.* at 800; *see also In re Rodriguez–Rodriguez*, 22 I. & N. Dec. 991, 995–96 (BIA 1999)). "Sexually explicit conduct," in turn, includes "sexual contact," which refers to "the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person[.]" *Restrepo*, 617 F.3d at 800.

Allen's statute of conviction provides, as relevant here, that

> Whoever, using . . . any facility . . . of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be [punished].

18 U.S.C. § 2422(b).

In comparing these provisions, it is evident that an individual convicted of § 2422(b) has necessarily engaged in an act within the broad generic definition of "sexual abuse of a minor." First, § 2422(b)'s element of persuading, inducing, enticing, or coercing a minor to engage in prostitution or unlawful sexual activity falls within the generic element of "persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct." Second, § 2422(b)'s requirement that the defendant "knowingly persuade[d], induce[d], entice[d], or coerce[d]" a minor to engage in prostitution or unlawful sexual activity falls within the generic definition's requirement that the abusive conduct be committed at least knowingly. *See Cabeda*, 971 F.3d at 173.

7

Third, both enticement of a minor under § 2244(b) and the generic definition require the victim to be less than eighteen years old. *See Matter of V-F-D-*, 23 I. & N. Dec. 859, 862 (BIA 2006) ("[A] victim of sexual abuse is a "minor" for purposes of [§] 101(a)(43)(A) of the Act if he or she is under 18 years of age.").[2]

Allen argues that § 2244(b) is not a categorical match because, unlike the generic definition of "sexual abuse of a minor," § 2244(b) requires no actual child victim; rather, communications with an undercover officer posing as a child suffice. But the generic offense does not require contact with an actual minor; it requires only *an attempt* at either physical or nonphysical maltreatment. *See Hsieh v. Bondi*, 139 F.4th 337, 342 (4th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 19 (Feb. 23, 2026); *see also Shroff v. Sessions*, 890 F.3d 542, 544 n.4 (5th Cir. 2018) (rejecting argument that petitioner's conviction did not constitute "sexual abuse of a minor" because no minor was involved, where the purported victim was a police officer posing as a fifteen year old, because the conviction amounted to an attempt to commit sexual abuse of a minor under the INA); *Hernandez-Alvarez v. Gonzales,* 432 F.3d 763, 766–67 (7th Cir. 2005) (rejecting claim that "solicitation cannot be an aggravated felony if there was not a minor actually involved," and explaining that

---

[2] The Supreme Court's decision in *Esquival-Quintana v. Sessions*, 581 U.S. 385 (2017), "speaks to the question of statutory rape, not more broadly to the definition of the generic offense of sexual abuse of a minor." *Cabeda*, 971 F.3d at 172. Therefore, contrary to Allen's contention, *Esquival-Quintana* does not control the meaning of "sexual abuse" as defined with reference to § 3509(a)(8).

the principle that the "impossibility of completing the offense attempted is not a defense" applies equally to federal law, including immigration law).[3]

Allen additionally asserts that that § 2244(b) is overbroad because it criminalizes "communications alone without actual abuse." Pet'r Br. 18, ECF No. 15. As the Board explained, however, the generic definition does not require actual physical contact either. *See Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996 (stating that "the common usage of the term [sexual abuse] includes a broad range of maltreatment of a sexual nature, and it does not indicate that contact is a limiting factor").

For these reasons, the BIA properly concluded that Allen is removable under § 1227(a)(2)(A)(iii) for having been convicted of an "aggravated felony," specifically, "sexual abuse of a minor," under § 1101(a)(43)(A). In light of this conclusion, we need not address whether he is also removable for having been convicted of a "crime of child abuse" under § 1227(a)(2)(E)(i). *See, e.g. Lopez v. Att'y Gen.*, 914 F.3d 1292, 1301 (11th Cir. 2019) ("Because the BIA correctly determined that [the petitioner] was removable for having been convicted of a controlled substance violation, we may deny his petition for review on that basis alone and need not address whether his prior conviction is also a CIMT.").

IV.

_____

[3] In any event, leaving aside the question of whether the definition for "sexual abuse of a minor" encompasses attempt crimes, the INA's list of aggravated felonies includes not only "sexual abuse of a minor" but also "an attempt" to commit "sexual abuse a minor," and Allen was specifically charged with the latter. *See* 8 U.S.C. § 1101(a)(43)(A) & (U).

We have considered Allen's remaining arguments and conclude that they are meritless.[4]  Accordingly, we will deny the petition for review.

---

[4] To the extent that Allen's reply brief may raise additional arguments, they are not properly before us.  *See Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 452 (3d Cir. 2024).